# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0034** (Greenbrier County CC-13-2020-F-64)

**Robert Hayes,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Robert Hayes appeals the order of the Circuit Court of Greenbrier County, entered on December 15, 2021, sentencing him to incarceration for a term of two to ten years.[1] Mr. Hayes argues that he instead should have been ordered to serve a term of supervised probation because both the State and the psychologist so recommended. Though he presents these arguments as two assignments of error, we find that they are substantially the same issue and consider them jointly.[2]  Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Pursuant to an agreement with the State, Mr. Hayes pled guilty in September 2021 to the felony offense of solicitation of a minor in violation of West Virginia Code § 61-3C-14b(b). In exchange, the State agreed that it would not seek a penalty enhancement based on Mr. Hayes's having traveled to meet his intended victim.[3] The State also agreed that it would recommend that

---

[1] Petitioner appears by counsel Martha Fleshman. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Courtney M. Plante.

[2] Though the circuit court also addressed the revocation of Mr. Hayes's bond in the sentencing order, the revocation is not at issue in this appeal. We note that while Mr. Hayes argues that he is a suitable probationary candidate, the record on appeal shows that he stipulated that he violated the conditions of his pretrial bond by testing positive for amphetamine and methamphetamine use and by failing to register as a sex offender.

[3] The charges against Mr. Hayes arose when, in 2019, he engaged in online communication with an individual who represented himself as a fifteen-year-old boy. During the conversation, Mr. Hayes sent pictures of genitalia, requested pictures in kind, and repeatedly referenced fellatio. The conversation closed when Mr. Hayes described his automobile and told his intended victim that he

the circuit court suspend any penitentiary sentence and instead order that Mr. Hayes be placed on probation.

After entering his plea, Mr. Hayes underwent a forensic psychological examination. The doctor performing the evaluation found that Mr. Hayes was of an "average" risk for recidivism. He wrote,

> In many respects, Mr. Hayes could be an appropriate candidate for community-based supervision and treatment from the standpoint of community safety. However, his substance abuse issues should be treated aggressively in order for community placement to be feasible. His outright denial of sexual intent in the referral incident could also interfere with his participation in sex-offender-specific treatment if it persists.

Upon receiving the psychological report and the State's recommendation for alternative sentencing, the circuit court declined to accept the recommendation. Noting that Mr. Hayes failed to attend his first scheduled interview with the probation department, that he failed multiple drug screening tests, and that he failed to register as a sex offender after having been instructed to do so, the court explained that Mr. Hayes was not a suitable candidate for alternative sentencing, and imposed the penitentiary sentence described above.

Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for abuse of discretion. Syl. Pt. 1, *State v. Lucas,* 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Mr. Hayes's sentence is within statutory parameters, and he has asserted no impermissible factor affecting his sentence. Rather, without citing legal authority in support of his position, Mr. Hayes generally argues that the circuit court "erred" in sentencing as it did. We perceive no error in the circuit court's findings, and we are presented with no reason under the *Goodnight* standard to review the penitentiary sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**


Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

would meet him. When he arrived for the appointed meeting, Mr. Hayes was met by police officers because he had unknowingly directed his solicitation to an undercover law enforcement officer.

2